IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BASIL BROWN and YVONNE BROWN, § § Plaintiffs, § § V. § § GATEWAY MORTGAGE GROUP, LLC, § § Defendant. § | | No. 3:23-cv-2826-S-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiffs Basil Brown and Yvonne Brown, husband and wife, filed this *pro se* lawsuit against Defendant Gateway Mortgage Group, LLC ("Gateway") to prevent the foreclosure sale of their home, at the time scheduled for January 2, 2024.

They allege multiple violations of state and federal law, including Title 12 C.F.R. § 1024.41, known as Regulation X – a RESPA-implementing regulation that sets out the procedures and timeframe for reviewing loss mitigation applications, including the servicer's obligation to provide the borrower written notice, within thirty days receipt of a complete loss mitigation application, of the loss mitigation options it will offer the borrower, or the specific reasons for denying the application –and the Browns seek a temporary restraining order ("TRO"). *See* Dkt. Nos. 3 & 5.

United States District Judge Karen Gren Scholer referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

By paying the statutory filing fee, the Browns undertook the responsibility to

serve Gateway in compliance with Federal Rule of Civil Procedure 4. And their requesting entry of a TRO prior to properly effecting service implicates Federal Rule of Civil Procedure 65(b)(1). That is, the Browns may not obtain a TRO absent notice to Gateway without complying with Rule 65(b)(1).

While the Court chose not to deny the TRO on this basis, the Court admonished the Browns that they must still properly effect service on Gateway, but, given the then-pending sale, the Court also directed service on an attorney who had represented Gateway in similar proceedings in this district, to further the Court's effort to obtain a response to the TRO request. *See* Dkt. No. 6.

Based on subsequent correspondence from counsel at the time expected to be engaged to represent Gateway in this case, in which counsel represented to the Court that Gateway canceled the January foreclosure sale of Plaintiffs' home, *see* Dkt. No. 7, the Court extended Gateway's deadline to respond to the TRO application to January 8, 2024, *see* Dkt. No. 8. Shortly thereafter, counsel appeared for Gateway. *See* Dkt. No. 9.

And, the same day that Gateway filed its response, on January 8, *see* Dkt. No. 11, the Browns finally obtained a summons to serve Gateway, *see* Dkt. No. 13.

The Browns then filed a reply to their TRO motion. *See* Dkt. Nos. 15 & 16.

Most recently, on February 5, 2024, the Browns filed a summons return with a process server's affidavit reflecting that the complaint and the January 8

summons were served on January 10, 2024. *See* Dkt. No. 17. Also on February 5, the Browns obtained an entry of default against Gateway, *see* Dkt. No. 18, and moved for default judgment, *see* Dkt. No. 19.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should vacate the entry of default and deny the motion for default judgment.

## Discussion

Where a defendant has "failed to plead or otherwise defend" an action, FED. R. CIV. P. 55(a), the Court may enter a default judgment if the plaintiff establishes the following prerequisites: (1) the defendant was served with the summons and complaint and default was entered; (2) the defendant is not "a minor or incompetent person"; and (3) the defendant is not in the military, FED R. CIV. P. 55(b)(2); *see also* 50 U.S.C. § 3931(a), (b) (providing "[p]rotection [for] servicemembers against default judgments").

In this circuit, there is a required three-step procedure to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk of the Court; and (3) entry of default judgment by the district court. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (defining "the terms regarding defaults").

But proper service of process (or obtaining waiver of service) is a prerequisite to obtaining either default or default judgment since "a defendant can not make an

appearance for purposes of Rule 55(b)(2) until after the plaintiff effects service and the defendant becomes susceptible to default." *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999); *see id.* at 938 ("Like formal service of process, a waiver of service of process marks the point in a lawsuit after which the defendant must answer or risk default."); *see also Thompson v. Johnson*, 348 F. App'x 919, 923 (5th Cir. 2009) (per curiam) ("Until [a defendant] is properly served," the plaintiff "cannot obtain a default judgment." (citations omitted)).

Here, there has been no default by Gateway. That is, even if Gateway has not yet answered the Browns' complaint – assuming that service on January 10 was proper – Gateway, by answering the TRO application on an expedited basis, has not failed to "otherwise defend this action." FED. R. CIV. P. 55(a).

So the default was not properly entered. *See Staten v. City of Dall.*, No. 3:19-cv-843-L-BN, 2020 WL 1083605, at *2 (N.D. Tex. Mar. 6, 2020) ("A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law." (citing FED. R. CIV. P. 55(a))).

And there is no foundation to grant a motion for default judgment. *Cf. Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam) ("[A] 'party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.' In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" (citations

- 4 -

omitted)).

## Recommendation

The Court should vacate the entry of default [Dkt. No. 18] and deny the motion for default judgment [Dkt. No. 19].

A copy of these findings, conclusions, and recommendation and order shall be served on all parties in the manner provided by law. Any party who objects to any part of the recommended denial of the motion for default judgment must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 7, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE