# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| BASIL BROWN and YVONNE BROWN | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-2826-S-BN |
| | § | |
| GATEWAY MORTGAGE GROUP, LLC | § | |

## ORDER

Plaintiffs Basil Brown and Yvonne Brown, husband and wife, filed this pro se lawsuit against Defendant Gateway Mortgage Group, LLC ("Gateway") to prevent the foreclosure sale of their home (at the time scheduled for January 2, 2024, but then canceled), in which they allege multiple violations of state and federal law and are seeking a temporary restraining order. *See* ECF Nos. 3, 5.

This lawsuit was referred to United States Magistrate Judge David L. Horan for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. Judge Horan has entered findings of fact and conclusions of law recommending that the Court vacate the Clerk's February 5, 2024 entry of default [ECF No. 18] and deny the Plaintiffs' motion for default judgment [ECF No. 19]. *See* ECF No. 23. Objections were filed. *See, e.g.*, ECF No. 24. The Court reviewed de novo those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining portions for plain error. Finding no error, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge [ECF No. 23] and therefore **VACATES** the entry of default and **DENIES** the motion for default judgment.

Accordingly, Gateway's motion to set aside the default [ECF No. 22] and motion for leave to file a declaration related to this motion [ECF No. 38] are **DENIED AS MOOT**.

The Plaintiffs also have filed various motions advancing a theory that the now-vacated Clerk's entry of default prevents Gateway from defending against their claims. *See* ECF Nos. 24, 29, 30, 31, 33. The Court **DENIES** these motions for the reasons set out in the Findings, Conclusions, and Recommendation of the United States Magistrate Judge [ECF No. 23] and Judge Horan's February 12, 2024, order [ECF No. 27].

Next, to the extent that the Plaintiffs move to recuse Judge Horan based on his management of this case, they have shown no basis for recusal. The Plaintiffs have not shown that any bias alleged is personal. Nor have they shown that any rulings adverse to them were either based on an extrajudicial source or demonstrate any degree of antagonism.

"Two federal statutes govern recusal of district court judges for bias: 28 U.S.C. §§ 144 and 455." *United States v. Brocato*, 4 F.4th 296, 301 (5th Cir. 2021) (citing *United States v. Scroggins*, 485 F.3d 824, 829 & n.19 (5th Cir. 2007)). "Motions brought under [either statute] are substantively similar and both require recusal only for 'personal, extrajudicial bias.'" *United States v. Gonzalez*, 348 F. App'x 4, 6 (5th Cir. 2009) (citation omitted). "Under either statute, the alleged bias must be personal, as distinguished from judicial, in nature." *Scroggins*, 485 F.3d at 830 (citation omitted). And, "under either statute, adverse rulings or comments by a judge 'will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible.'" *Brocato*, 4 F.4th at 302 (citation omitted).

The Court therefore also **DENIES** the Browns' motion to disqualify or recuse Judge Horan [ECF No. 32] and their motion for a hearing [ECF No. 34].

This lawsuit remains referred to Judge Horan for pretrial management. And the parties' deadlines to brief the pending motion to dismiss remain as set by Judge Horan's February 7, 2024, order [ECF No. 25].

Finally, the way the Plaintiffs have so far prosecuted this lawsuit has unduly burdened the Court and Gateway. Accordingly, under the Court's inherent power "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases,'" *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1406 (5th Cir. 1993) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)), the Plaintiffs are **CAUTIONED** to curtail their filing of repetitive motions or face sanctions that may include the dismissal of this lawsuit without further notice.

**SO ORDERED.**

SIGNED February 29, 2024.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**