IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BASIL BROWN and YVONNE BROWN, § <br> § <br> Plaintiffs, § <br> § <br> V. § <br> § <br> GATEWAY MORTGAGE GROUP, LLC, § <br> § <br> Defendant. § | No. 3:23-cv-2826-S-BN |

**MEMORANDUM OPINION AND ORDER DENYING MOTION
TO COMPEL CLERK TO ENTER DEFAULT**

In this lawsuit that the presiding United States district judge has referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference, the Court granted Plaintiffs Basil Brown and Yvonne Brown, who are proceeding *pro se* but paid the fee to file this lawsuit, leave to file a second amended complaint ("SAC"), to give them "one final opportunity to plead their best case." Dkt. No. 53.

The Browns timely filed the SAC on June 24, 2024. *See* Dkt. No. 55. A motion to dismiss the SAC was filed and briefed. *See* Dkt. Nos. 56-61. And, on February 11, 2025, the undersigned entered findings of fact and conclusions of law recommending that the Court grant the motion and dismiss this lawsuit with prejudice. *See* Dkt. No. 63.

One week later, the Browns filed an executed return for a summons issued on March 6, 2024, reflecting that Defendant Michael J. Schroeder, foreclosure counsel for the Brown's mortgage company, was personally served on March 7, 2024. *See* Dkt.

No. 64.

Based on this return, the Browns requested that the Clerk of Court enter default against Schroeder under Federal Rule of Civil Procedure 55(a). *See* Dkt. No. 65.

Citing Federal Rule of Civil Procedure 4, the Clerk declined their request. *See* Dkt. No. 66. The Browns then moved the Court to compel the Clerk to enter default and amended their motion to compel. *See* Dkt. Nos. 67 & 68.

The Browns' motion to compel as amended is DENIED for the following reasons.

"A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law." *Staten v. City of Dall.*, No. 3:19-cv-843-L-BN, 2020 WL 1083605, at *2 (N.D. Tex. Mar. 6, 2020) (citing FED. R. CIV. P. 55(a)).

And, while "[t]his first step, entry of default, is a ministerial matter performed by the clerk and is a prerequisite to a later default judgment," the decision whether to "perform the ministerial function of entering default that is assigned to the clerk by the text of Rule 55(a) [remains] vested within the judge's sound discretion." *Id.* (cleaned up).

As the background above reflects, the Browns move to compel the entry of default based on Schroeder's being served with a complaint that they subsequently superseded by filing the SAC. They offer no evidence that they then properly served Schroeder with the operative (amended) complaint. And, under Federal Rule of Civil

Procedure 5(a), "personal service of the summons and complaint is not required in order to serve an amended complaint" only once a party has "already appeared in the litigation." *Taylor v. El Centro Coll.*, No. 3:21-cv-999-D-BH, 2022 WL 581812, at *1 (N.D. Tex. Feb. 25, 2022) (citing *Fluor Eng'rs & Constructors, Inc. v. S. Pac. Transp. Co.*, 753 F.2d 444, 449 n.7 (5th Cir. 1985); collecting other cases); *see also* 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1146 (4th ed.) ("[I]t is clear that amended or supplemental pleadings must be served on parties who have not yet appeared in the action in conformity with Rule 4." (footnote omitted)).

And, so the Clerk's reason for denying the Browns' request for entry of default – that it "failed to meet the requirements of [ ] Rule 4," Dkt. No. 66 – was correct, *cf. Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Federal Rule of Civil Procedure 4." (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987), *superseded by statute on other grounds*, *see* FED. R. CIV. P. 4(k)(2))).

SO ORDERED.

DATED: February 21, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE